UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ' |
| v. | ' CRIMINAL NO. 17-225 |
| MICHAEL ARCE<br>Defendant | ' |

PLEA AGREEMENT

The United States of America, by and through Abe Martinez, Acting United States Attorney for the Southern District of Texas, and Glenn Cook and Jim McAlister, Assistant United States Attorneys, and the defendant, Michael Arce ("Defendant"), and Defendant=s counsel, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

Defendant=s Agreement

1.  Defendant agrees to plead guilty to Counts One and Four of the Indictment. Count One charges Defendant with Conspiracy to Export Stolen Vehicles, in violation of Title 18, United States Code, Section 371. Count Four charges Defendant with being a Felon in Possession of a Firearm, in violation of Title 18, United States Code, Sections 922 and 924. Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or

M.A

proven beyond a reasonable doubt.

## Punishment Range

2. The statutory maximum penalty for each violation of Title 18 United States Code, Section 371, is imprisonment of not more than five (5) years and a fine of not more than $250,000. The statutory maximum penalty for each violation of Title 18, United States Code, § 922(g)(1), is a term of imprisonment of not more than ten years and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of up to three (3) years. Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier=s check or money order,

2

payable to the Clerk of the United States District Court, c/o District Clerk=s Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

Waiver of Appeal and Collateral Review

5. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed, <u>except as to an upward departure from the sentencing guidelines</u>. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right

3

to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

4

MA

7. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

The United States= Agreements

8. The United States agrees to each of the following:

(a)  If Defendant pleads guilty to Counts One and Four of the indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the indictment at the time of sentencing;

(b)  If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

(c)  The United States has NO evidence that a weapon was used in the commission of the offense alleged in Count I and the United States believes that Count IV should run concurrently with count I.

(d)  The United States believes the defendant was not the organizer or leader of the criminal enterprise alleged in Count I, but merely a manager acting under the direction of another.

(e)  The United states does not oppose the defendant receiving credit for the time in State custody related to the charges for which he is under indictment.

5

M.A

Agreement Binding - Southern District of Texas Only

9. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

United States= Non-Waiver of Appeal

10. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office=s preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant=s counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

6

M.A

(e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

7

## Rights at Trial

12. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a) If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

M.A

## Factual Basis for Guilty Plea

13. Defendant is pleading guilty because he is in fact guilty of the charges contained in Count I of the indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant=s guilt:

Federal Agents in South Texas arrested Jonathan Oberempt, who provided a detailed statement regarding an automobile theft organization.

Mr. Oberempt stated that MICHAEL ARCE and JESSE ZELAYA stole vehicles in Houston and transported them to Mexico for re-sale. The group targeted Dodge or Jeep vehicles manufactured between the years 2007 and 2014 because the conspirators had computer software to bypass the vehicles' security and ignition systems.

In order for the computer software to function, MICHAEL ARCE and JESSE ZELAYA obtained license plate numbers for the targeted vehicles in Houston. A contact in Mexico, NELSON ARCE, obtained ignition keys from a conspirator working for an automobile dealership based upon the license plate information.

MICHAEL ARCE and JESSE ZELAYA used the vehicle keys and the computer software for the Dodge or Jeep vehicles to steal the previously targeted vehicles. The vehicles were stolen in the early morning and immediately given to drivers, such as MANUEL CRUZ, SAMUEL ECHAVARRIA, and JONATAN BARRAZA. The drivers took the vehicles South and crossed the border to Mexico before they were reported stolen. In Mexico, the vehicles were provided to NELSON ARCE for resale.

The conspiracy scheme was responsible for the theft of vehicles in Houston, Southern District of Texas, beginning in or about January 2014, the exact time being unknown, and continuing to on or about December 2016, of which the following theft is a specific example of the defendant's role. On or about the early morning of July 30, 2016, Houston Police Officers observed a black Jetta lingering near a Jeep Grand Cherokee (Jeep) in Houston, Southern District of Texas. The

9

officers observed an individual exit the Jetta and use a laptop to steal the Jeep. Both the Jetta and the Jeep left the scene and proceeded to a country club parking lot where the Jeep was left. The driver of the Jeep then re-entered the Jetta, which was stopped by Houston Police officers, who arrested MICHAEL ARCE and JESSE ZELAYA. The Houston Police officers recovered a laptop used to bypass the Jeep security software, which corroborated the information provided by Mr. Oberempt. The stolen Jeep was to have been driven to Mexico by one of the individuals located in MICHAEL ARCE's apartment later that same evening.

Officers with the Houston Police Department executed a search warrant on the same night that they arrested MICHAEL ARCE and JESSE ZELAYA for auto theft at the apartment of MICHAEL ARCE. Several guns were recovered at the apartment that were identified by MICHAEL ARCE'S girlfriend as belonging to MICHAEL ARCE.

The defendant stipulates and confirms as part of the plea, that he kept the guns that were found inside stolen vehicles. ATF agents discovered that MICHAEL ARCE is a convicted felon, having been convicted of Theft, a felony, in Cause Number 2012-DCR-777-A, in the 107th Judicial District Court, Cameron County, Texas on January 28, 2013.

The recovered firearm alleged in the indictment was a Sturm, Ruger & Co., 9mm pistol bearing serial number 328-43662. This firearm was manufactured in the state of Arizona and recovered in the state of Texas and therefore traveled in, or affected interstate commerce.

Breach of Plea Agreement

14. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant=s plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is

otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

Restitution, Forfeiture, and Fines – Generally

15. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

16. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating

to Defendant's complete financial disclosure.

17. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

18. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

## Restitution

19. Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant stipulates and agrees that as a result of his criminal conduct, the victim(s) incurred a monetary loss of approximately two million dollars. (See sealed attachment for victim information). Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s). Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to

avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

### Fines

20. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

### Complete Agreement

21. This written plea agreement, consisting of 18 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

22. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at ____Houston____, Texas, on ____July 14____, 2017.

_____
Michael Arce, Defendant

Subscribed and sworn to before me on ____July 14____, 2017.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:
Abe Martinez
Acting United States Attorney

By: _____
Jim McAlister
Assistant United States Attorney

_____
~~Frank Aguilar~~ Rich CANALES
Attorney for Defendant

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ' |
| v. | ' CRIMINAL NO. 17-225 |
| Michael Arce<br>Defendant | ' |

PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant=s decision to enter into this agreement is an informed and voluntary one.

_____    7-14-2017
(r.) ~~Frank Aguilar~~, Attorney for Defendant    Date
Rick Canvales

15

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____     07/14/17
Michael Arce, Defendant                              Date